IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

SYLVESTER REID                          §

VS.                                     §        CIVIL ACTION NO. 1:08cv226

UNITED STATES OF AMERICA                §

## MEMORANDUM OPINION

Plaintiff Sylvester Reid, an inmate confined within the Bureau of Prisons, proceeding *pro se*, filed this lawsuit against the United States of America pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2271, *et seq.*[1]

## Factual Allegations

Plaintiff alleges that on March 22, 2006, while the United States Penitentiary in Beaumont, Texas, was under an administrative lockdown, Warden T.C. Outlaw ordered a cell-by-cell shakedown aimed at eliminating some of the personal property that had accumulated within cells.

Plaintiff states he was removed from his call along with his property. After an inventory was conducted, Paula Spooner, a member of the administrative staff, told plaintiff that the

---

[1] Plaintiff also asserts civil rights claims against certain individuals. Those claims have been severed into a separate lawsuit.

following items of personal property exceeded the amount allowed

by prison regulations and would be confiscated:

> Eight (8) large garbage bags of commissary that
> contained various food items, personal hygiene items,
> dental care items, shaving items, over-the-counter
> medical items, and radio batteries.

> Eight (8) cases of sodas, one (1) new set of sweat-
> pants, twenty (20) pairs (new) white and gray socks,
> [and] ninety-three (93) novels from Barnes and Nobles.

Plaintiff states the estimated cost of the property was $2,775.

Plaintiff signed a confiscation form stating the confiscated

property would be mailed to his mother in Florida at the earliest

convenience of the staff.

Over the next several weeks, plaintiff states he made

numerous inquiries about his property. Eventually, Assistant

Warden Rios told him that staff was conducting interviews with

the inmates whose property had been confiscated.  The interviews

were to be conducted in alphabetical order.

Plaintiff states he then sought out Lieutenant Skinner who

told him his property was in a safe place.  In the middle of

July, plaintiff was interviewed by Lieutenant Jansen, who was in

charge of the confiscated property.  Plaintiff states he was

shocked when Lieutenant Jansen only produced a large garbage bag

containing 10 boxes of oatmeal pies, a few personal hygiene items

and 8 containers of Ramen soup. Plaintiff states that in
addition to not having several bags of his confiscated property,
Lieutenant Jansen told him that the original confiscation form
could not be found. Plaintiff was also told that his 93 novels
had been given to the supervisor of the educational department,
who had issued them to other prisoners. He states all of the
novels contained his name and inmate identification number.

Plaintiff states he subsequently filed an administrative
tort claim regarding his property.

In January, 2007, while his claim was pending, Lieutenant
Skinner approached him and asked whether the claim could be
settled in a manner satisfactory to both sides. Plaintiff said
this could be accomplished if he was reasonably compensated for
his property. Lieutenant Skinner then indicated plaintiff was
unlikely to receive all of the money sought.

Two days later, Lieutenant Steals informed plaintiff
Lieutenant Skinner had turned the investigation over to her.
Plaintiff states he presented her with a printout from the
commissary concerning his confiscated property. Several days
later, plaintiff was told the investigation had been referred
back to Lieutenant Skinner.

Lieutenant Skinner later told plaintiff his investigation

showed plaintiff did not have a copy of the confiscation form,

making it difficult for him to establish the property belonged to

him.  Plaintiff then told the lieutenant that the original form

was in one of the bags of property taken from plaintiff.

On March 2, 2007, plaintiff received a response to his

administrative tort claims request.  The claim was denied because

plaintiff had not presented proof that he owned the items he said

were confiscated. On April 30, 2007, plaintiff submitted a

request for reconsideration.

On June 16, 2007, Warden John B. Fox conducted a hearing

concerning the matter.  While there was testimony supporting

plaintiff's contention that additional property was confiscated,

Warden Fox rejected plaintiff's claim for compensation.

Plaintiff's request to have his administrative tort claim

reconsidered was subsequently denied.

### Analysis

"It is elementary that the United States, as sovereign, is

immune from suits save as it consents to be sued ... and the

terms of its consent to be sued in any court defines that court's

jurisdiction to entertain the suit." *United States v. Mitchell*,

445 U.S. 535, 538 (1980).  Under the FTCA, the United States has

consented to be sued for "injury or loss of property ... caused

by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."  28 U.S.C. § 1346(b).  However, the FTCA constitutes a limited waiver of sovereign immunity. *United States v. Orleans*, 425 U.S. 807 (1976).  Courts must strictly construe all waivers of the federal government's sovereign immunity, and must resolve all ambiguities in favor of the sovereign.  *See United States v. Nordic Village, Inc*., 503 U.S. 30 (1992).

The FTCA contains several exceptions to the waiver of sovereign immunity.  When an exception applies, a federal court lacks subject-matter jurisdiction to hear the claim.  *Hobdy v. United States*, 762 F. Supp. 1459 (D. Kan. 1991).  One exception provides that the FTCA does not apply to:

> [a]ny claim arising in respect of the assessment or col-
> lection of any tax or customs duty, or the detention of
> any goods, merchandise, or other property by any officer
> of customs or excise or any other law enforcement officer.

28 U.S.C. §2680(c).

Both the Supreme Court and the United States Court of Appeals for the Fifth Circuit have held that employees of the Bureau of Prisons are "law enforcement officers" within the meaning of Section 2680(c).  *Ali v. Federal Bureau of Prisons*, 512 U.S. 214, 216 (2008); *Chapa v. United States Department of*

*Justice*, 339 F.3d 388, 390 (5th Cir. 2003). As a result, Section 2680(c) exempts from the FTCA's waiver of sovereign immunity any claim based on the detention of goods by an employee of the Bureau of Prisons. As plaintiff's FTCA claim is based on the detention of goods by employees of the Bureau of Prisons, the United States has not waived sovereign immunity with respect to the claim and the court lacks subject-matter jurisdiction over the claim.

Conclusion

For the reasons set forth above, this lawsuit will be dismissed without prejudice for lack of subject-matter jurisdiction. An appropriate final judgment shall be entered.

**SIGNED** this the **29** day of **April, 2010.**


_____
Thad Heartfield
United States District Judge